FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 29, 2024

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

ROBERT W.,

Plaintiff,

v.

MARTIN O'MALLEY, COMMISSIONER OF SOCIAL SECURITY,[1]

Defendant.

No. 2:22-CV-282-JAG

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

**BEFORE THE COURT** are cross-motions for summary judgment. ECF Nos. 16, 20. Attorney Chad Hatfield represents Robert W. (Plaintiff); Special Assistant United States Attorney Edmund Darcher represents the Commissioner of Social Security (Defendant). After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Plaintiff's Motion for Summary Judgment, **DENIES** Defendant's Motion for Summary Judgment, and **REMANDS** the matter for further proceedings under sentence four of 42 U.S.C. § 405(g).

[1] Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Martin O'Malley is substituted for Kilolo Kijakazi as the defendant in this suit. No further action need be taken to continue this suit. *See* 42 U.S.C. § 405(g).

## I. JURISDICTION

Plaintiff filed an application for benefits on November 3, 2019, alleging disability beginning September 1, 2020. The applications were denied initially and upon reconsideration. Administrative Law Judge (ALJ) Mark Kim held a hearing on October 5, 2021, and issued an unfavorable decision on November 19, 2021. Tr. 15-25. The Appeals Council denied review on September 13, 2022. Tr. 1-6. Plaintiff appealed this final decision of the Commissioner on November 17, 2022. ECF No. 1. The parties have consented to proceed before the undersigned by operation of Local Magistrate Judge Rule (LMJR) 2(b)(2), as no party returned a Declination of Consent Form to the Clerk's Office by the established deadline. ECF No. 2.

## II. STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098.

Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1098; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595,

599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## III. SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-99. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show: (1) the claimant can make an adjustment to other work; and (2) the claimant can perform other work that exists in significant numbers in the national economy. *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## IV. ADMINISTRATIVE FINDINGS

On November 19, 2021, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At ***step one***, the ALJ found Plaintiff had not engaged in substantial gainful activity since September 1, 2019, the alleged onset date. Tr. 17.

At ***step two***, the ALJ determined that Plaintiff had the following severe impairments: lumbar spine degenerative disc disease status post fusion; and recurrent inguinal hernia. Tr. 17.

At ***step three***, the ALJ found these impairments did not meet or equal the requirements of a listed impairment. Tr. 19

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and determined Plaintiff could perform light work, subject to a series of additional limitations:

> [H]e can lift and/or carry 10 pounds occasionally and 5 pounds frequently. He can sit, stand and/or walk for 6 hours each in an 8-hour workday but he must alternate from sitting and standing every 30 minutes for 5 minutes at a time while staying on task. He can never climb ladders, ropes, or scaffolds. He can occasionally balance, stoop, kneel, crouch, crawl, and occasionally climb stairs. He must avoid exposure to extreme cold, excessive vibration, and unprotected heights. He can perform simple, routine tasks with a Specific Vocational Preparation of 2 or less.

Tr. 19.

At ***step four***, the ALJ found Plaintiff was unable to perform past relevant work. Tr. 23.

At ***step five***, the ALJ found there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. Tr. 24.

The ALJ thus concluded Plaintiff was not disabled from September 1, 2019, through the date of the decision. Tr. 25.

## V. ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff raises two issues for review: (A) whether the ALJ erred by discounting his testimony; and (B) whether the ALJ erred at step five. ECF No. 16 at 8.

## VI. DISCUSSION

**A. <u>Plaintiff's Testimony.</u>**

Plaintiff contends the ALJ erred by not properly assessing his symptom complaints. ECF No. 14 at 19-20. Where, as here, the ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017).

The ALJ first discounted Plaintiff's testimony as inconsistent with the medical evidence and inconsistent with Plaintiff's improvement with treatment. Tr. 20-21. While these reasons are clear and convincing, *see Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) (citing *Johnson v. Shalala,* 60 F.3d 1428, 1434 (9th Cir. 1995)); *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) (citing 20 C.F.R. §§ 404.1520a(c)(1), 416.920a(c)(1)); *Morgan*, 169 F.3d at 599, the ALJ's findings lack substantial evidentiary support. The ALJ largely relies on pieces of the medical record from 2020, following Plaintiff's lumbar spine fusion. *See* Tr. 20-21 (relying on, among other things, a February 2020 physical examination, a February 2020 post-operative follow-up, a March 2020 assessment, and a June 2020 physical examination "for chest pain with high blood pressure"). The longitudinal record, however, indicates Plaintiff's condition worsened beginning in December 2020. *See, e.g.*, Tr. 699 (December 8, 2020, treatment note indicating "resurgence of back pain"); Tr. 703 (December 16, 2020, treatment note indicating "decreased range of motion, tenderness, pain and spasm"); Tr. 705 (January 15, 2021, treatment note indicating decline in functioning); Tr. 722 (July 27, 2021, physical examination indicating tenderness, muscle rigidity, pain, decreased range of motion, and diminished neurologic reflexes).

The ALJ must present a rational and accurate interpretation of the medical evidence. *See Reddick v. Chater*, 157 F.3d 715, 722-23 (9th Cir. 1998) (reversing ALJ's decision where his "paraphrasing of record material is not entirely accurate regarding the content or tone of the record"). The ALJ must also "sufficiently consider the duration of, or chronological fluctuation in, [Plaintiff's] symptoms." *Smith v. Kijakazi*, 14 F.4th 1108, 1112 (9th Cir. 2021). Because the ALJ failed to do so here, he necessarily erred by discounting Plaintiff's testimony on these grounds.

The ALJ also discounted Plaintiff's testimony as inconsistent with his activities, including "manag[ing] his personal care/hygiene and medication," "prepar[ing] meals for himself and family," "car[ing] for his children," and "going to church weekly and physical therapy twice weekly." Tr. 22. Plaintiff's activities are neither inconsistent with nor a valid reason to discount Plaintiff's testimony. *See Diedrich v. Berryhill*, 874 F.3d 634, 643 (9th Cir. 2017) ("House chores, cooking simple meals, self-grooming, paying bills, writing checks, and caring for a cat in one's own home, as well as occasional shopping outside the home, are not similar to typical work responsibilities."); *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) ("This court has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled.") (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989), *superseded on other grounds by* 20 C.F.R. § 404.1502(a)); *Reddick*, 157 F.3d at 722 ("Several courts, including this one, have recognized that disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations."); *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987) (noting that a disability claimant need not "vegetate in a dark room" in order to be deemed eligible for benefits). Similarly, Plaintiff's activities do not "meet the

threshold for transferable work skills." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citing *Fair*, 885 F.2d at 603). The ALJ thus erred by discounting Plaintiff's testimony on this ground.

The ALJ accordingly erred by discounting Plaintiff's testimony.

**B. Step Five.**

Plaintiff argues the ALJ erred at step five by relying on an incomplete hypothetical to the vocational expert. ECF No. 16 at 17-18. Because the ALJ misevaluated Plaintiff's testimony, the ALJ will necessarily need to determine whether the RFC needs to be adjusted. For this reason, the Court need not reach this remaining assignment of error. *See PDK Labs. Inc. v. DEA,* 362 F.3d 786, 799 (D.C. Cir. 2004) ("[I]f it is not necessary to decide more, it is necessary not to decide more.") (Roberts, J., concurring in part and concurring in the judgment).

## VII. CONCLUSION

Having reviewed the record and the ALJ's findings, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall develop the record as needed, reassess Plaintiff's testimony, and reevaluate the remaining steps of the sequential evaluation, as appropriate.

Therefore, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 16**, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 20**, is **DENIED**.

3. The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED March 29, 2024.




JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE